

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN, TEXAS 78711

Honorable Joe Bailey Humphreys
County Attorney
Houston County
Crockett, Texas

Dear Mr. Humphreys:          Opinion No. O-2278

Re:  Is it necessary that a
County Chairman resign
before running for the
State Legislature?

Your letter requesting the opinion of this department is
as follows"

"The present County Chairman of Houston is
contemplating running for the State legislature.
The question has arisen and will arise at the next
Committee meeting whether he should resign as
County Chairman before the election, should he make
the race aforesaid.

"The writer is unable to find either case law or
statute governing this situation.

"It is the opinion of the writer that it is not
necessary for a County Chairman to resign before
making another race for an entirely different office.

"Please give me the Department's opinion on this
question as we are anxious that we be entirely
regular in the conduct of the Democratic primaries
and elections."

Any eligible person may become a candidate for the office of
Representative in the State Legislature and have his name
printed upon the ballot, unless some statute of the State
forbids.

Article 2940 of the Revised Civil Statutes declares that:

"* * * nor shall anyone act as chairman or as member
of any district, county or city executive committee
of a political party who has not paid his poll tax,

or who is a candidate for office, or who holds any office of profit or trust under either the United States or this State, or in any city or town in this State."

In our Opinion No. O-1835 we held that one cannot be a candidate for the county chairmanship of the Democratic party and a candidate for another county elective office at the same time. This ruling was predicated upon Article 2940 and Article 2978 of the Revised Civil Statutes -- the latter Article providing:

"The name of no candidate shall appear more than once upon the official ballot, except as a candidate for two or more offices permitted by the Constitution to be held by the same person. * * *"

In the course of that opinion, referring to Article 2970, it is said:

"The resultant possible disqualification and confusion are too obvious to mention. Suffice it to say that unless this statute is very closely followed, we could have a situation wherein a county chairman was supervising a contest of his own candidacy in a primary election."

The resultant possible confusion mentioned is indeed obvious, but no more so in the case stated than it would be if the county chairman were a candidate for re-election. In such a case, if there should be a contest, he would, indeed, be personally disqualified to act in the contest, but that personal disqualification pertains to his committee action and has nothing to do with his eligibility as a candidate for another office.

Whether or not the more candidacy of the chairman for another office would ipso facto as matter of law vacate his office of county chairman, we need not decide and do not decide.

We find nothing in the statutes nor in the decisions that would make the present county chairman of your county ineligible for another office to be filled at the approaching primary election, or that would prevent his name being printed upon the ballots at the approaching election or elections as a candidate for the office he seeks.

The opinion suggested by you in your letter, we think, is correct, and you are accordingly so advised.

Very truly yours

ATTORNEY GENERAL OF TEXAS

s/ Ocie Speer

By

Ocie Speer
Assistant

OS-MR-cge

APPROVED MAY 9, 1940

s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

This opinion considered and approved in limited conference